# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| AMY ANASTASION,<br><br>      **Plaintiff,**<br>v.<br><br>**CREDIT SERVICE OF LOGAN, INC.<br>dba ALLIED COLLECTION SERVICE;<br>BRITTANY APARTMENTS, L.L.C.;<br>DOES 1 through 10,**<br><br>      **Defendants.** | **MEMORANDUM DECISION<br>AND ORDER**<br><br><br>Case No. 2:08cv180<br><br>**District Judge Ted Stewart**<br><br>**Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Ted Stewart pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are James H. Deans's ("Movant") two essentially identical motions to quash a subpoena.[2] The court has carefully reviewed the memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

Amy Anastasion ("Plaintiff") filed this lawsuit against Credit Service of Logan, Inc. dba Allied Collection Service ("Allied") and the Brittany Apartments ("Brittany") (collectively,

---

[1] *See* docket no. 7.

[2] *See* docket nos. 21 and 22.

"Defendants") for, *inter alia*, violations of the Fair Debt Collection Practices Act, *see* 15 U.S.C. §§ 1692 to 1692p, and the Fair Credit Reporting Act, *see* 15 U.S.C. §§ 1681 to 1681x. Plaintiff asserts that Brittany, through Movant, evicted her from her apartment for unpaid rent and obtained a default judgment against her in the Third District Court, State of Utah, for $1742.12 ("state court case"). Plaintiff contends that she satisfied the judgment in full and an order was entered in the state court case to that effect. However, prior to entry of the satisfaction of judgment, Brittany retained Allied to collect an additional debt, which included attorney fees, that Brittany claimed Plaintiff still owed. Plaintiff contends that this additional debt had or should have been merged into the judgment against Plaintiff in the state court case. Plaintiff asserts that she sent a copy of the satisfaction of judgment to Allied along with a letter disputing the additional debt.

Plaintiff explains that Allied had previously reported the original debt from the state court case to the various credit reporting agencies. However, Plaintiff contends that Allied continued to verify the debt, including the additional debt, even after Plaintiff notified Allied of the satisfaction of judgment. Plaintiff also states that she repeatedly disputed the alleged inaccurate debt report to the credit reporting agencies. Plaintiff asserts that as a result of Defendants' actions, she was denied credit several times and quoted interest rates a percent or more higher than she would have been had her credit report been accurate.

Plaintiff seeks information regarding the circumstances under which Brittany assessed the additional amount in attorney fees and has sought that information from Movant. Plaintiff explains that counsel for Brittany informed counsel for Plaintiff that because Brittany suffered a

fire that destroyed various records, the records relating to the matters at issue in the subpoena are not available from Brittany. Plaintiff contends that the records she seeks are relevant to her claim that Brittany, through Allied, acted with willful disregard of the law in reporting this additional debt on her credit report.

Plaintiff seeks five categories of accounting and financial documents from Movant that relate to Brittany. In essence, Plaintiff seeks all pre- and post-judgment bookkeeping records in cases where Movant secured a judgment in favor of Brittany. In a perfunctory manner, Movant argues that he should not be required to produce the documents or appear for a deposition on the matter. Specifically, Movant asserts that "[s]ince 2004[,] he has done approximately 200 cases for [Brittany], including an eviction against [Plaintiff] in 2004."[3] However, Movant contends, he does not do post-judgment work for Brittany and did not perform the post-judgment work in Plaintiff's case. Movant further argues that much of the discovery sought is available as public record and that it would be "extremely burdensome" to require him to research the bookkeeping records from each case.[4] Movant also contends that some of the documents are protected by the attorney-client privilege and not relevant to the instant case.

The court is not persuaded by Movant's arguments. The court concludes that the requested bookkeeping documents are relevant and should be produced. Movant has not demonstrated that the subpoena would impose an undue burden on him. Plaintiff is not asking that Movant produce all default judgments and orders awarding Brittany attorney fees; she is

---

[3] Docket no. 22 at 1-2.

[4] *Id.* at 2.

seeking only the bookkeeping records for those attorney fee transactions. The requested documents are financial summaries of the eviction work Movant performed for Brittany and ought to be easily produced. Movant has not demonstrated that producing these bookkeeping records and appearing for a deposition regarding the matter would be an undue burden on him. Furthermore, the court concludes that the documents are relevant to Plaintiff's punitive damage claim in that they may demonstrate that Brittany was routinely charging evicted tenants for additional attorney fees over the amount awarded by a court.

In addition, the court concludes that Movant has failed to demonstrate that the requested documents are protected by the attorney-client privilege. "A party claiming the attorney-client privilege must prove its applicability, which is narrowly construed." *In re Foster*, 188 F.3d 1259, 1264 (10th Cir. 1999). Movant may not make the blanket assertion that Plaintiff's "request is for attorney-client privileged information" without some explanation as to why he believes the documents are protected.[5]

Furthermore, "to be covered by the attorney-client privilege, a communication between a lawyer and client must relate to legal advice or strategy sought by the client." *U.S. v. Johnston*, 146 F.3d 785, 794 (10th Cir. 1998). Unless the records Plaintiff seeks from Movant contain some type of legal advice or strategy, rather than merely summary accounting and bookkeeping information, they would not be protected by the attorney-client privilege. And generally, information regarding legal fees is not protected by the attorney-client privilege. *See*, *e.g.*, *U.S. v. Hodgson*, 492 F.2d 1175, 1177 (10th Cir. 1974) ("Matters relating to receipt of fees from a

---

[5] Docket no. 22 at 2.

client are not usually privileged . . . . The reason is that the payment of a fee is not normally a matter of confidence or a communication. Absent confidentiality, the privilege does not apply."). Accordingly, unless and until Movant can demonstrate that the records Plaintiff seeks contain privileged information by producing a privilege log, the court concludes the attorney-client privilege does not apply.

Based on the foregoing, Movant's motions[6] are **DENIED**. Within ten (10) days of the date of this order, Movant must contact counsel for Plaintiff to arrange a mutually acceptable time to reschedule Movant's deposition and to produce the documents requested in the subpoena.

**IT IS SO ORDERED.**

DATED this 7th day of January, 2010.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[6] *See* docket nos. 21 and 22.