IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AMY ANASTASION,<br><br>Plaintiff,<br><br>vs.<br><br>CREDIT SERVICE OF LOGAN, INC. dba ALLIED COLLECTION SERVICE, BRITTANY APARTMENTS, L.L.C., DOES 1 through 10,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO STRIKE<br><br><br><br>Case No. 2:08-CV-180 TS |

This matter is before the Court on Defendant Credit Service of Logan's Motion to Strike. Defendant requests Plaintiff's memoranda in response to its Motion for Partial Summary Judgment be stricken because they are too numerous, untimely and over-length. The Court will grant the Motion.

Defendant filed its Motion for Partial Summary Judgment on April 19, 2010. Magistrate Judge Warner granted Plaintiff's request for an extension of time to file a response until June 7, 2010. Plaintiff complied with this deadline but submitted an over-length memorandum without

1

requesting leave to do so.[1]  Three days later, Plaintiff filed an Amended Memorandum in Opposition, again over-length.  Plaintiff neither requested leave to file this amended memorandum, nor leave to file excess pages.  As Plaintiff was granted an extension of time to file a response until June 7, 2010, and the Amended Opposition was filed on June 10, 2010, it was also untimely.  On June 14, 2010, after submitting two over-length briefs, Plaintiff filed a Motion for leave to file over-length which was denied.  Then, on June 18, 2010, Plaintiff filed an "abridged" Memorandum in Opposition to Defendant's Motion for Summary Judgment.  Again, Plaintiff did not request leave to file this additional memorandum and was denied leave to file over-length.  Plaintiff's brief is 52 pages long, pages i-xxvi contain "objections" to material facts, and pages 1-24 are the "discussion" and argument.  However, throughout pages i-xxvi Plaintiff presents argument including statutes and statements such as "as a matter of law."  Therefore, the Court finds it exceeds the twenty-five page requirement and is over-length.

DUCivR 7-1(b)(3) requires that memoranda in opposition to Fed. R. Civ. P. 56 not exceed twenty five pages of argument without leave from the court.  All three of the Plaintiff's submissions violate this rule.  Plaintiff requested leave only before its last filing, leave was denied, but Plaintiff proceeded to file an over-length brief.

Memoranda in opposition to a Rule 56 motion must be filed within twenty-eight days of filing the motion or within such time as allowed by the Court.  When a party seeks an extension of time after the time has expired, Fed. R. Civ. P. 6(b)(2) requires the party to file a motion for an extension of time showing good cause for the extension and excusable neglect.  Plaintiff filed its

---

[1] Docket No. 52.

original opposition within the extended deadline, but filed an amended version three days later, and yet an "abridged" version fourteen days after the deadline. Plaintiff will not be permitted to ignore the rules and file briefs at her leisure.

Utah Federal Courts allow three types of memoranda relating to a motion for summary judgment: (1) a memorandum in support, (2) a memorandum in opposition, and (3) a reply.[2] "No additional memoranda will be considered without leave of court."[3] Plaintiff effectively filed three memorandum in opposition. Without permission from the Court, Plaintiff was not entitled to do so.

Plaintiff failed to comply with a variety of rules, including seeking permission from the Court to avoid compliance with those rules on several occasions.

Based on the above, it is hereby

ORDERED that Defendant Credit Service of Logan's Motion to Strike (Docket No. 62) is GRANTED. In accordance with the ORDER above, Docket Nos. 52, 53 and 61 are STRICKEN. Plaintiff is instructed to file an opposition that complies with the rules within five days of this ORDER.

---

[2] *Orient Mineral v. Bank of China*, 2010 WL 624868, at *2 (D. Utah. Fed. 19, 2010) (citing DUCivR 7-1(b)(3)).

[3] DUCivR 7-1(b)(3); *see also Bierly v. Hirata*, 2009 WL 2916752, at *9 (D. Utah Sept. 8, 2009) (striking plaintiff's memorandum because the memorandum amounted to a response to the defendants' reply, not provided for under rule 7-1).

DATED   July 12, 2010.

> BY THE COURT:
>
> _____
> TED STEWART
> United States District Judge