# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| AMY ANASTASION,<br><br>    **Plaintiff,**<br><br>v.<br><br>**CREDIT SERVICE OF LOGAN, INC.<br>dba ALLIED COLLECTION SERVICE;<br>BRITTANY APARTMENTS, LLC;<br>DOES 1 through 10;**<br><br>    **Defendants.** | **MEMORANDUM DECISION AND<br>ORDER**<br><br><br>**Case No. 2:08cv180**<br><br><br>**District Judge Ted Stewart**<br><br>**Magistrate Judge Paul M. Warner** |

  This matter was referred to Magistrate Judge Paul M. Warner by District Judge Ted Stewart pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are (1) Amy Anastasion's ("Plaintiff") motion to amend the Amended Scheduling Order;[2] (2) the Brittany Apartments' ("Brittany") motion to quash subpoenas,[3] joined by Credit Service of Logan, Inc. dba Allied Collection Service ("Allied");[4] and (3) Allied's motion to strike the expert report of Dr. Stan V.

---

[1] *See* docket no. 7.

[2] *See* docket no. 37.

[3] *See* docket no. 32.

[4] *See* docket no. 45.

Smith for untimeliness.[5] The court has carefully reviewed the memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motions on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

**RELEVANT PROCEDURAL BACKGROUND**

On November 24, 2009, the court issued an Amended Scheduling Order in this matter, which reset the fact discovery and the expert report deadline for March 15, 2010, and the expert discovery deadline for June 16, 2010.[6] On February, 5, 2010, after conferencing with counsel for all parties regarding extending certain deadlines in the Amended Scheduling Order, counsel for Brittany emailed a proposed second amended scheduling order to Plaintiff's counsel and Allied's counsel for approval. This proposed second amended scheduling order, if entered, would have extended the fact discovery and expert report deadline to April 16, 2010, and the expert discovery deadline to July 16, 2010.

Counsel for Allied replied by email indicating his approval that same day. After Plaintiff's counsel failed to respond, counsel for Brittany again emailed him on February 16, 2010, seeking approval. Counsel for Plaintiff did respond and stated specifically that it "[l]ooks alright to me."[7] Counsel for Brittany then asked counsel for Plaintiff if he had "permission to

---

[5] *See* docket no. 43.

[6] *See* docket no. 27.

[7] Docket no. 57-2.

place [his] electronic signature on the amended [attorney planning meeting] report," to which counsel for Plaintiff never replied.[8] Counsel for Brittany did not file a stipulated motion for entry of the second amended scheduling order, and, as such, it was never issued by the court. On June 2, 2010, a stipulated motion to dismiss Brittany was filed,[9] and Judge Stewart granted the motion dismissing Brittany from this case on June 10, 2010.[10]

## ANALYSIS

### A. Motion to Amend Scheduling Order

Plaintiff seeks to amend the scheduling order in this matter to comport with the previous stipulation of counsel. Plaintiff asserts that it was merely a miscommunication between Plaintiff's counsel and counsel for Brittany, who has since been dismissed from the case. Allied contends that because the stipulation to amend the scheduling order a second time was never submitted to the court for approval, the Amended Scheduling Order still governs this case. Allied further asserts that because Plaintiff's instant motion to extend the dates in the Amended Scheduling Order was filed more than a month after the fact discovery deadline had passed, Plaintiff is actually seeking to reopen discovery. The court does not agree.

Under rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order may be modified for "good cause." Fed. R. Civ. P. 16(b)(4) ("A schedul[ing order] may be modified

---

[8] *Id.*

[9] *See* docket no. 49.

[10] *See* docket no. 54.

only for good cause and with the judge's consent."). As is evidenced by the email exchange among counsel, all parties, including Allied, previously agreed to extend the fact and expert discovery, as well as the expert report deadlines. The fact that counsel for Brittany did not submit a motion to amend the Amended Scheduling Order does not persuade this court to deny Plaintiff's motion. Brittany has been dismissed from this case. The court believes that it disingenuous for Allied to object to the extension of deadlines because it is advantageous for Allied to do so now. Based on the foregoing, the court concludes that good cause exists to **GRANT** Plaintiff's motion. Accordingly, while the dates have already passed, the fact discovery and expert report deadline is extended to April 16, 2010, and the expert discovery deadline is extended to July 16, 2010. Such dates reflect the previously agreed to stipulation, which the court finds should be adhered to in good faith by the parties. All other dates in the Amended Scheduling Order shall remain the same.

### B. Motion to Quash

Brittany filed a motion to quash subpoenas and corresponding deposition notices ("Subpoenas") issued by Plaintiff to nonparties AT&T Mobility, LLC ("AT&T"); Experian Information Solutions, Inc. ("Experian"); Equifax Information Services, LLC ("Equifax"); Online Data Exhange, LLC ("Online"); and Trans Union, LLC ("Trans Union"). Allied joined in Brittany's motion. Because Allied is the only remaining defendant, the court will refer to Allied, and not to Brittany, regarding this motion, even though the original motion and memorandum in support was filed by Brittany and joined by Allied.

Allied asserts that the Subpoenas should be quashed because Plaintiff's counsel did not coordinate deposition dates and times with opposing counsel, Plaintiff failed to give prior notice of the Subpoenas, and the Subpoenas are untimely. Plaintiff argues that Allied received ample prior notice of the Subpoenas, Allied lack standing to move to quash the Subpoenas, this court does not have jurisdiction to enforce or quash the Subpoenas, and the Subpoenas were timely issued.

Plaintiff contends that this court does not have jurisdiction to hear the instant motion. Under rule 45(a)(2), Plaintiff must have obtained the Subpoenas "from the court for the district where the deposition is to be taken" or "the production or inspection is to be made." Fed. R. Civ. P. 45(a)(2)(B), (C). Plaintiff has complied with that rule by having the Subpoenas issued out of the federal district in which each of the nonparties maintains a head office.

Rule 45(c)(3) further requires that motions to quash or modify a subpoena be brought in the district court from which the subpoena was issued. *See* Fed. R. Civ. P. 45(c)(3)(A), (B) (referring specifically to "the issuing court" quashing or modifying a subpoena); *see also* Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2463.1 (3d ed. 2010) ("The 1991 amendments to Rule 45(c) now make it clear that motions to quash, modify, or condition the subpoena are to be made in the district court of the district from which the subpoena issued."). However, the Tenth Circuit has held that it is proper for an issuing court to transfer a motion to quash to the district in which the underlying case is pending, as that court more properly understands the case. *See Peterson v. Douglas County Bank & Trust Co.*, 940 F.2d

5

1389, 1390 (10th Cir. 1991); *see also* Wright and Miller, *Federal Practice and Procedure* § 2463.1 ("[I]t also is within the discretion of the district court that issued the subpoena to transfer motions involving the subpoena to the district in which the action is pending."). Relying on *Peterson*, the court in *Yanaki v. Daniel*, No. 2:07-CV-0648-DAK, 2009 WL 2030287 (D. Utah July 9, 2009), held that it had jurisdiction to quash a subpoena issued from Montana because the nonparties objecting to the subpoena had chosen to file their motion to quash in the District of Utah where the underlying case was pending. *See id.* *2.

Allied urges this court to conclude that, like the court in *Yanaki*, it has jurisdiction to decide the motion to quash. *See id.* However, the instant case is distinguishable from *Yanaki* because it was the *nonparties* in that case who filed the motion to quash. The *Yanaki* court stated specifically that

> it has authority to decide the Motion to Quash, in light of the Tenth Circuit's recognition in [*Peterson*] that the issuing court is not the only court with authority to rule on a motion to quash, coupled with the fact that . . . [the] *nonparties* to this action . . . have not only consented to this court determining their motion to quash, but specifically chose to file their motion in this court rather than in the issuing court, where they reside.

*Id.* (emphasis added). Here, however, it is a defendant, not the *nonparties* AT&T, Experian, Equifax, Online, or Trans Union, that have moved this court to quash the Subpoenas. Accordingly, the court concludes that it is without jurisdiction to address the motion to quash.

Even assuming this court has jurisdiction, it concludes that Allied does not have standing to move to quash the Subpoenas. "Generally, a party does not have standing to object to a subpoena issued to a third party, unless the party challenging the subpoena has a personal right or

6

privilege with respect to the subject matter sought by the subpoena." *Richards v. Convergys Corp.*, No. 2:05-CV-00790-DAK, 2007 U.S. Dist. LEXIS 9131, *3 (D. Utah February 6, 2007); *see Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 590 (D. Kan. 2003) ("Generally, only the party or person to whom the subpoena is directed has standing to move to quash or otherwise object to a subpoena."); Fed. R. Civ. P. 45(c)(3)(A)(iii) (requiring the issuing court to quash or modify a subpoena if it "requires disclosure of privileged or other protected matter and no exception or waiver applies").

Allied has not demonstrated that it has a "personal right or privilege" regarding the information sought by the Subpoenas. *Richards v. Convergys Corp.*, 2007 U.S. Dist. LEXIS 9131, at *3. The Subpoenas seek Plaintiff's personal telephone records, records relating to her dispute with Brittany being reported on her credit by Allied, and records of Allied's handling of other disputes. Therefore, Allied does not have standing to object to the Subpoenas.

In addition, the Subpoenas were issued before the above-ordered expert discovery deadline, *see supra* Part A, and, as such, they are timely. Because the court has ruled that it does not have jurisdiction to rule on the Subpoenas (and even if it did, Allied does not have standing to object to the Subpoenas), the court need not determine whether the notice requirements of the various districts that would have jurisdiction have been met.

Based on the foregoing, Allied's motion to quash the nonparty Subpoenas is **DENIED**. Because the above-ordered deadlines passed before the court could rule on this motion, Plaintiff

may conduct the discovery sought in the Subpoenas only and must complete it by September 30, 2010.

### C. Motion to Strike Expert Report

Allied moves this court to strike Plaintiff's expert report of Dr. Stan V. Smith for untimeliness. The parties agree that Plaintiff served and filed Dr. Smith's expert report on April 16, 2010. Because the court granted Plaintiff's motion to amend the scheduling order to extend the expert report deadline to April 16, 2010, *see supra* Part A, Plaintiff timely filed and served Dr. Smith's expert report. As such, Allied's motion to strike is **DENIED**.

### CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED**:

**A.** Plaintiff's motion to amend the Amended Scheduling Order[11] is **GRANTED**. The fact discovery and expert report deadline is extended to April 16, 2010, and the expert discovery deadline is extended to July 16, 2010.

**B.** Allied's motion to quash the Subpoenas[12] is **DENIED**. Because the above-ordered deadlines passed before the court could rule on this motion, Plaintiff may conduct the discovery sought in the Subpoenas only and must complete it by September 30, 2010.

---

[11] *See* docket no. 37.

[12] *See* docket no. 32.

**C.** Allied's motion to strike the expert report of Dr. Smith[13] is **DENIED**.

**IT IS SO ORDERED.**

DATED this 6th day of August, 2010.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[13] *See* docket no. 43.