# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| AMY ANASTASION,<br><br>   Plaintiff,<br><br>v.<br><br>CREDIT SERVICE OF LOGAN, INC.<br>dba ALLIED COLLECTION SERVICE;<br>BRITTANY APARTMENTS, LLC;<br>DOES 1 through 10;<br><br>   Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:08cv180**<br><br>**District Judge Ted Stewart**<br><br>**Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Ted Stewart pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are (1) Amy Anastasion's ("Plaintiff") motion for leave to amend the complaint;[2] (2) Plaintiff's motion to join WFI, Inc. dba Allied Collection Service ("WFI") as a party defendant;[3] and (3) Plaintiff's motion and supplemental motion to further extend the discovery deadline.[4] The court has carefully reviewed the memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States

---

[1] *See* docket no. 7.

[2] *See* docket no. 101.

[3] *See* docket no. 99.

[4] *See* docket nos. 92 & 93.

District Court for the District of Utah Rules of Practice, the court elects to determine the motions on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

Plaintiff filed her complaint on March 6, 2008.[5] The initial scheduling order was issued on October 24, 2008, which set a January 20, 2009 deadline for amending pleadings and adding parties.[6] On November 24, 2009, an amended scheduling order was issued.[7] That order, however, did not alter the date for amending pleadings or adding parties but did extend the fact discovery deadline to March 15, 2010, and set the trial to begin on January 24, 2011.[8] In an order dated August 6, 2010, this court denied Defendant Brittany Apartments[9] and Credit Service of Logan dba Allied Collection Service's ("CSL") joint motion to quash Plaintiff's subpoenas to certain third parties.[10] This court also ordered that the discovery deadline had passed on April 16, 2010, pursuant to a previous agreement by the parties, and that any discovery related to the subpoenas must be completed by September 30, 2010. The court notes that Plaintiff filed this case more than two years earlier but waited less than a month before the fact discovery deadline

---

[5] *See* docket no. 1.

[6] *See* docket no. 17.

[7] *See* docket no. 27.

[8] *See* docket no. 27.

[9] Defendant Brittany Apartments was dismissed from this case on June 10, 2010. *See* docket no. 54.

[10] *See* docket no. 76.

to issue the third-party subpoenas. Nevertheless, this court allowed additional months for Plaintiff to obtain discovery requested in the subpoenas.

Plaintiff now asserts that newly discovered evidence from those third parties necessitates allowing Plaintiff to amend her complaint to add WFI as a defendant and to reopen discovery as to those third parties. Plaintiff contends that CSL was not the party who actually performed the adverse credit reporting on Plaintiff's credit history (even though CSL has acknowledged that it did report Plaintiff to the credit bureaus). Rather, Plaintiff asserts that WFI was the actual entity that reported Plaintiff to the credit bureaus. Specifically, Plaintiff asserts that through the discovery process, TransUnion provided its data furnisher agreement with WFI but did not produce one with CSL. In response, CSL asserts that there is no distinction between CSL and WFI because they merged at least a year prior to the relevant events in this case.

CSL contends that Plaintiff's motion is untimely and allowing her to amend her complaint would be futile because Judge Stewart already granted summary judgment dismissing Plaintiff's Fair Credit Reporting Act ("FCRA") claim.[11] *See* 15 U.S.C. § 1681s-2. Plaintiff argues that it would not be futile to allow her to amend her complaint because her claim under the Fair Debt Collection Practices Act ("FDCPA"), *see* 15 U.S.C. § 1692e, and her invasion of privacy claim are both viable and properly at issue. Plaintiff also contends that because no discovery has been conducted against WFI, her FCRA claim against it should still be viable.

---

[11] *See* docket no. 106.

Under rule 15(a)(2) of the Federal Rules of Civil Procedure, leave to amend a complaint shall be freely given when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). In general, a court may refuse leave to amend only on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City & County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (quotations and citation omitted). In this circuit, it is well settled that untimeliness alone is a sufficient reason to deny leave to amend a complaint. *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1366 (10th Cir. 1993). A motion to amend should be denied if a party has unduly delayed in seeking to amend her complaint. *See Wessel v. City of Albuquerque*, 299 F.3d 1186, 1197 (10th Cir. 2002). Delay is undue "when the party filing the motion has no *adequate explanation* for the delay." *Frank*, 3 F.3d at 1366 (emphasis added). Likewise, a motion to amend should be denied if a party would be prejudiced by an untimely amendment or if the amendment would be futile. *See Orr v. City of Albuquerque*, 417 F.3d 1144, 1153 (10th Cir. 2005).

> It is well settled that a party may not
>
> wait until the last minute to ascertain and refine the theories on which they intend to build their case [because t]his practice, if tolerated, would waste the parties' resources, as well as judicial resources, on discovery aimed at ultimately unavailing legal theories and would unfairly surprise [the opponents], requiring the court to grant further time for discovery or continuances.

*Green Country Food Mkt., Inc. v. Bottling Group, LLC*, 371 F.3d 1275, 1279 (10th Cir. 2004) (quotations and citations omitted). While Plaintiff repeatedly argues that she did not unduly

4

delay in prosecuting her case, the court is not persuaded by that argument. This case is set for trial in two weeks. Judge Stewart has already ruled on cross-motions for summary judgment. This court refuses to allow Plaintiff on the eve of trial to amend her complaint to add a party, thereby necessitating a new scheduling order, and possibly delaying trial for as long as another year. The court concludes that Plaintiff has had ample time and opportunity to obtain discovery to support her claims. Therefore, her motions for leave to amend the complaint and extend discovery are **DENIED**.

Plaintiff also seeks to add WFI as a defendant under rule 19(a) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 19(a). Specifically, Plaintiff asserts that WFI is an entity whose joinder is necessary because complete relief cannot be accorded among the existing parties. Under rule 19(a), a person must be joined as a party if "in that person's absence, the court cannot accord complete relief among existing parties . . . ." Fed. R. Civ. P. 19(a)(1)(A). The court is not persuaded by Plaintiff's arguments on this issue. CSL asserts that there is no distinction between CSL and WFI because they merged several years ago. Thus, joinder of WFI under rule 19(a) appears to be unnecessary. As such, Plaintiff's motion to add WFI under rule 19(a) is **DENIED**.

In summary, **IT IS HEREBY ORDERED** that Plaintiff's (1) motion for leave to amend, (2) motions to reopen discovery, and (3) motion to add WFI as a party[12] are all **DENIED**.

**IT IS SO ORDERED.**

DATED this 10th day of January, 2011.

BY THE COURT:

*[signature]*

PAUL M. WARNER
United States Magistrate Judge

---

[12] *See* docket nos. 92, 93, 99, & 101.