IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AMY ANASTASION,<br><br>   Plaintiff,<br><br><br><br><br><br>vs.<br><br><br><br>CREDIT SERVICE OF LOGAN, INC. dba ALLIED COLLECTION SERVICE, BRITTANY APARTMENTS, L.L.C., and DOES 1-10,<br><br>   Defendants. | MEMORANDUM DECISION AND ORDER OVERRULING PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER AND DENYING PLAINTIFF'S MOTION TO AMEND HER COMPLAINT<br><br><br><br><br><br><br>Case No. 2:08-CV-180 TS |

The Court has before it Plaintiff's Objection to Magistrate Judge's Memorandum Decision and Order[1] and Plaintiff's Motion to Amend Her Complaint Pursuant to Rule 15(c)(1) to add WFI as a Party Defendant.[2] For the following reasons, the Court will overrule Plaintiff's Objection and deny Plaintiff's Motion to Amend.

---

[1]Docket No. 153.

[2]Docket No. 160.  The Court will address the remaining pending Motions by separate Order.

1

I.  PLAINTIFF'S OBJECTION

Plaintiff objects to Magistrate Judge's recent Memorandum Decision and Order[3] denying Plaintiff's Motion for Leave to Amend,[4] Plaintiff's Motion to Join WFI, Inc. dba Allied Collection Service ("WFI") as a Party Defendant,[5] and Plaintiff's Motion and Supplemental Motion to further Extend the Discovery Deadline.[6]

The bulk of Plaintiff's Objection argues that each of these decisions by the Magistrate Judge lacks jurisdiction because these issues concern ultimate issues to be tried at later proceedings.[7]  These arguments, however, are contrary to clearly established law.  This Court is allowed to "designate a magistrate judge to hear and determine any pretrial matter pending before the court," except eight specifically enumerated motions which are not relevant here.[8]  Despite Plaintiff's efforts to construe her motions as covering ultimate issues to be tried at later proceedings, the questions of whether a party may amend her pleadings, join a party, or conduct further discovery are generally pretrial.  Although Plaintiff cites to several cases and statutes ostensibly in support of her assertions, none of these citations hold that these routine pretrial motions should be considered "ultimate issues" and thereby strip a magistrate judge of his or her

---

[3] Docket No. 140.

[4] Docket No. 101.

[5] Docket No. 99.

[6] Docket Nos. 92 & 93.

[7] *See* Docket No. 153, at 2-8.

[8] 28 U.S.C. § 636(b)(1)(A).

jurisdiction. This proposition is contrary to the relevant federal statute, which allows a district court judge to refer any pretrial motion except those which are expressly proscribed.[9]

Federal law categorizes magistrate judge decisions into two categories: nondispositive and dispositive.[10] When a magistrate judge's decision concerns a nondispositive matter, the district judge is to "set aside any part of the order that is clearly erroneous or is contrary to law."[11] When a magistrate judge's decision concerns a dispositive matter, the district judge is only to recommend a disposition and, upon timely objection by one of the parties, the district court judge is to review the magistrate judge's recommendation de novo.[12]

The Court finds that Plaintiff's motions are nondispositive pretrial motions. As the Tenth Circuit has consistently held, a "motion for leave to amend [is] a nondispositive pretrial matter that the magistrate judge [is] authorized to decide pursuant to 28 U.S.C. § 636(b)(1)(A)."[13] Likewise, Plaintiff's motion to add a new party is a nondispositive pretrial motion.[14] Finally, as Plaintiff does not appear to dispute, Plaintiff's motions to extend discovery are nondispositive pretrial motions.

---

[9] *See id.*

[10] *See* Fed.R.Civ.P. 72.

[11] *Id.* at 72(a).

[12] *Id.* at 72(b).

[13] *Franke v. ARUP Labs., Inc.*, 390 Fed.Appx. 822, 828 (10th Cir. 2010).

[14] *See Hall v. Norfold S. Ry. Co.*, 469 F.3d 590 (7th Cir. 2006) (holding that a magistrate judge's denial of a motion to add a party was a nondispositive motion, subject only to review for clear error).

As discussed previously, the district judge is to review a magistrate judge's decision on a nondispositive pretrial matter under a clearly erroneous standard. Under the "clearly erroneous" standard, the Court must affirm the Magistrate Judge's ruling unless the Court is left with a "definite and firm conviction that a mistake has been committed."[15]

The Magistrate Judge found that Plaintiff's undue delay in bringing these motions was sufficient to deny Plaintiff's Motions. Additionally, the Magistrate Judge found that Plaintiff will be able to accord complete relief among the existing parties. Upon reviewing these conclusions and the case law cited by the Magistrate Judge in support of these findings, the Court is not left with a definite and firm conviction that a mistake has been committed. The Court will therefore overrule Plaintiff's Objections.

## II. PLAINTIFF'S MOTION TO AMEND

Relatedly, Plaintiff moves the Court for leave to amend her Complaint to add the same party—WFI—which was the focus of the motions previously decided by the Magistrate Judge. Unlike her prior Motion to Amend, which was based on Fed.R.Civ.P. 15(a), Plaintiff now moves the Court for leave to amend under Fed.R.Civ.P. 15(c)(1). In making her argument that Rule 15(c) sets forth an additional vehicle for leave to amend, Plaintiff relies heavily upon the recent Supreme Court decision *Krupski v. Costa Crociere S.P.A.*[16] Plaintiff argues that this decision establishes that once the requirements set forth in Rule 15(c) are met, leave to amend is mandatory.

---

[15]*Smith v. MCI Telecommunications Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948) (internal quotations omitted)).

[16]130 S. Ct. 2485 (2010).

From the Court's review of the *Krupski* decision and Rule 15(c) itself, however, the Court finds Plaintiff's argument to be in error.  Rule 15(c) governs when "[a]n amendment to a pleading relates back to the date of the original pleading."[17]  To this end, the Rule sets forth specific criteria that must be met before an amendment relates back to the date the original pleading was filed.  Rule 15(c), however, has no effect on whether leave to amend should be granted in the first instance.  Plaintiff must first obtain leave to amend her Complaint under Rule 15(a) and then, after leave is granted, the Court must decide whether the amendment relates back to the date of the original pleading under the criteria set forth in Rule 15(c).[18]  As made clear by the *Krupski* Court, once the Rule 15(c) criteria are met, relation back is mandatory.[19]  Nothing in the *Krupski* decision suggests that Rule 15(c) itself provides grounds for granting a party leave to amend.

As Fed.R.Civ.P. 15(c)(1) does not provide grounds for granting a party leave to amend, but rather only sets forth the conditions upon which an amendment relates back to the filing date of the original pleading, the Court finds Plaintiff's request under this Rule inappropriate and the Court will therefore deny the Motion.

### III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Objection to Magistrate's Memorandum and Order (Docket No 153) is OVERRULED.  It is further

---

[17] Fed.R.Civ.P. 15(c)(1).

[18] *See Krupski*, 130 S.Ct. 2496.

[19] *Id.*

ORDERED that Plaintiff's Motion to Amend Pursuant to Rule 15(c)(1) to add WFI as a Defendant (Docket No. 160) is DENIED.

DATED   April 12, 2011.

_____
TED STEWART
United States District Judge