IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AMY ANASTASION,<br><br>Plaintiff,<br><br><br>vs.<br><br><br>CREDIT SERVICE OF LOGAN, INC. dba<br>ALLIED COLLECTION SERVICE;<br>BRITTANY APARTMENTS, L.L.C.; and<br>DOES 1-10;<br><br>Defendants. | MEMORANDUM DECISION AND<br>ORDER<br><br><br><br><br>Case No. 2:08-CV-180 TS |

The Court has before it Defendant Credit Service of Logan, Inc. dba Allied Collection Service's ("Allied") Motion Regarding Plaintiff's Invasion of Privacy Claim,[1] Plaintiff's Motion for Clarification on the Court's Ruling on Plaintiff's FCRA Claims Against the Defendant CSL-Allied,[2] and Plaintiff's Motion to Strike the Defendant Credit Service of Logan's Motion & Memoranda Regarding Plaintiff's Invasion of Privacy Claim.[3] Having considered the parties' motions and their respective memoranda, the Court enters the following Order.

---

[1]Docket No. 123.

[2]Docket No. 134.

[3]Docket No. 156.

1

## I.  PROCEDURAL HISTORY

Plaintiff filed her Complaint on March 6, 2008.  Therein, Plaintiff alleges that Allied

engaged in conduct that violated both federal and state law.[4]  Plaintiff alleges that Allied (1)

violated the Fair Debt Collection Practices Act [5] ("FDCPA"); (2) violated the Fair Credit

Reporting Act[6] ("FCRA"); (3) violated the Utah Consumer Sales Practice Act[7] ("UCSPA"); (4)

invaded Plaintiff's privacy; and (5) defamed Plaintiff.

Allied moved for summary judgment on April 19, 2010, on all claims alleged against it.

Specifically, Allied argued that (1) Plaintiff's FDCPA claims are time-barred and, even if they

are not, no violation of the FDCPA occurred; (2) Plaintiff's FCRA claims fail as a matter of law

because Allied conducted a reasonable investigation of Plaintiff's disputes; and (3) Plaintiff's

remaining state law claims are preempted by the FCRA.[8]

Plaintiff filed her motion for partial summary judgment on July 8, 2010.  Therein,

Plaintiff argued she was entitled to summary judgment on her FCRA and FDCPA claims because

the satisfaction of judgment eliminated all debts associated with her tenancy at Brittany

Apartments and Allied's investigations upon receipt of Plaintiff's disputes were unreasonable.

On November 16, 2010, the Court issued its Memorandum Decision and Order Granting

in Part and Denying in Part Defendant's Motion for Summary Judgment and Granting in Part and

---

[4]Docket No. 1.

[5]15 U.S.C. § 1692.

[6]15 U.S.C. § 1681s-2b.

[7]Utah Code. Ann. § 13-11-4.

[8]*See* Docket No. 38.

Denying in Part Plaintiff's Motion for Partial Summary Judgment ("SJ Order").[9]  Therein, the

Court:

- Dismissed Plaintiff's FDCPA claims arising before March 6, 2007, Plaintiff's FCRA

  claims, Plaintiff's claims arising under the Utah Consumer Sales Practices Act, and

  Plaintiff's claim for defamation.  The Court further limited Plaintiff's invasion of privacy

  claim to alleged conduct which fell outside of the subject matter of the FCRA.

- Found that Brittany's alleged post-judgment charges were invalid and entered summary

  judgment in favor of Plaintiff on her FDCPA claims which relate to the collection of

  these post-judgment debts, but reserved the issue of damages for an amount to be proven

  at trial.

- Denied both motions as to Plaintiff's FDCPA claims for Allied's attempts to collect

  check no. 1040 and the original unlawful detainer judgment because a disputed material

  fact on when these collection efforts ceased precluded judgment as a matter of law.

Shortly after entry of the Court's SJ Order, both parties filed respective motions seeking

clarification on certain aspects of the SJ Order.  Plaintiff additionally has moved to strike

Allied's clarification motion as an untimely dispositive motion.  The Court will now address the

merits of these motions.

## II.  DISCUSSION

### A.  ALLIED'S MOTION FOR CLARIFICATION

Allied moves the Court for an order clarifying the Court's SJ Order with regards to

Plaintiff's invasion of privacy claims.  In the SJ Order, the Court held that Plaintiff's claim for

---

[9]Docket No. 106.

invasion of privacy alleged conduct outside of the subject matter of the FCRA and, therefore, "the FCRA's preemption clause does not apply to this claim."[10]  Allied asks the Court to specify that Plaintiff is barred from attempting to recover under her invasion of privacy claim for conduct that falls under the FCRA and preclude Plaintiff from asserting at trial that communications between Allied and the credit reporting agencies ("CRAs") can form a basis for her invasion of privacy claim.

Although Allied's notion is implicit in the Court's SJ Order, the Court finds that clarification is necessary.  Indeed, in response to Allied's Motion, Plaintiff attempts to argue that preemption under the FCRA is not appropriate and that Allied's communications with the CRAs can form a basis for an invasion of privacy claim.  The Court clarifies that only conduct alleged by Plaintiff which falls outside of the FCRA can form the basis of her invasion of privacy claim. Thus, Plaintiff's invasion of privacy claim can proceed on her allegations that Allied's repeated contact with her in an attempt to collect her past due debts were substantially intrusive and highly offensive to a reasonable person.  Plaintiff cannot proceed on her allegations that Allied invaded her privacy by reporting to the CRAs or by engaging in any other communication which falls under the FCRA.

Allied further seeks an order from this Court precluding Plaintiff's invasion of privacy claim because Plaintiff cannot satisfy her threshold determination of offensiveness.  In Utah, to maintain a cause of action for invasion of privacy, the

> plaintiff must show that the intrusion would be highly offensive to a reasonable person. Although this determination is usually within the province of the jury, the trial court must make a threshold determination of offensiveness in discerning the

---

[10]Docket No. 106, at 15-16.

existence of a cause of action for intrusion. In making its threshold determination
of offensiveness, a court should consider such factors as the degree of intrusion,
the context, conduct and circumstances surrounding the intrusion as well as the
intruder's motives and objectives, the setting into which he intrudes, and the
expectations of those whose privacy is invaded.[11]

Allied argues that Plaintiff cannot meet this burden because the conduct alleged by
Plaintiff is not sufficiently offensive.  The Court finds Allied's request for a ruling on this
threshold determination to be premature and will be denied.  Factual disputes as to the nature and
frequency of Allied's contact with Plaintiff preclude the Court from making a determination at
law on this issue.  Allied may renew this request under Fed.R.Civ.P. 50 at the close of Plaintiff's
case-in-chief.

B.     PLAINTIFF'S MOTION FOR CLARIFICATION

Plaintiff moves the Court for an order clarifying the scope and application of its SJ Order
as it relates to Plaintiff's FCRA claims. Plaintiff argues that the Court did not address Plaintiff's
claim that Allied violated § 1681s-2(b) of the FCRA by failing to report Plaintiff's direct
disputes with Allied to the appropriate CRA.  As correctly noted by Allied, however, Plaintiff
has never, until now, argued that the complained of failure by Allied was actionable under the
FCRA.  Thus, Plaintiff is actually asking the Court to reconsider its SJ Order by proffering
arguments that were not timely made when the parties' respective motions were under
consideration.  In addition, and perhaps more importantly, the Court cannot find where this type
of FCRA claim is specifically alleged in Plaintiff's Complaint.

In the Court's SJ Order, the Court granted Allied's Motion for Summary Judgment on
Plaintiff's FCRA claims without qualification or limitation.  The Court rejects Plaintiff's

---

[11]*Stien v. Marriott Ownership Resorts, Inc.*, 944 P.2d 374, 379 (Utah Ct. App. 1997).

untimely attempt to resurrect her FCRA claims by advancing violations which were not previously argued in Plaintiff's briefs nor specifically alleged in Plaintiff's Complaint. Plaintiff's Motion for Clarification is, therefore, denied.

C.      PLAINTIFF'S MOTION TO STRIKE

Plaintiff moves the Court to strike Allied's Motion as an untimely dispositive motion. Because the Court denied the dispositive components of Allied's Motion, the Court denies Plaintiff's Motion to Strike as moot.

## III.  CONCLUSION

It is therefore

ORDERED that Defendant Credit Service of Logan, Inc. dba Allied Collection Service's Motion Regarding Plaintiff's Invasion of Privacy Claim (Docket No. 123) is GRANTED IN PART AND DENIED IN PART. It is further

ORDERED that Plaintiff's Motion Plaintiff's Motion for Clarification on the Court's Ruling on Plaintiff's FCRA Claims Against the Defendant CSL-Allied (Docket No. 134) is DENIED. It is further

ORDERED that Plaintiff's Motion to Strike the Defendant Credit Service of Logan's Motion & Memoranda Regarding Plaintiff's Invasion of Privacy Claim (Docket No. 156) is DENIED AS MOOT. It is further

ORDERED that Plaintiff's Motion for Hearing (Docket No. 169) is DENIED AS MOOT. The Court finds further argument on these issues will not be helpful.

The Court will set a scheduling conference by separate notice.

DATED   April 13, 2011.

_____
TED STEWART
United States District Judge