IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AMY ANASTASION,<br><br>    Plaintiff,<br><br>vs.<br><br>CREDIT SERVICE OF LOGAN, INC. dba ALLIED COLLECTION SERVICE, BRITTANY APARTMENTS, L.L.C., and DOES 1-10,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE EVIDENCE<br><br><br>Case No. 2:08-CV-180 TS |

      This matter is before the Court on Defendants' Motion to Exclude Evidence. Defendants moved the Court for an Order precluding Plaintiff from calling witnesses or introducing exhibits at trial, as Plaintiff had not disclosed witnesses or exhibits as required by the Amended Scheduling Order. Because Plaintiff corrected this defect by filing her Pretrial Disclosures and the Court finds no incurable prejudice to Defendants, Defendants' motion will be denied.

      Fed.R.Civ.P. 26(a)(3) requires parties to provide pretrial disclosures in accordance with that Rule. Unless otherwise ordered by the Court, these disclosures must be made at least 30

1

days before trial.[1]  Under the Amended Scheduling Order of this case, Plaintiff was required to submit her pretrial disclosures by November 19, 2010.[2]  When Plaintiff failed to do so, Defendants filed a motion to exclude on December 3, 2010.[3]  Plaintiff then filed her Pretrial Disclosures[4] on December 20, 2010; more than a month after the date required by the Amended Scheduling Order and thirty-five days before the then scheduled trial date of January 24, 2011.  Trial was subsequently rescheduled and is now set for October 18, 2011.

Fed.R.Civ.P. 37(c) provides that "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."[5]

The Tenth Circuit has directed that

[a] district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose.  Nevertheless, the following factors should guide [the Court's] discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.[6]

---

[1] Fed.R.Civ.P. 26(a)(3)(B).

[2] Docket No. 27.

[3] Docket No. 109.

[4] Docket No. 117.

[5] Fed.R.Civ.P. 37(c).

[6] *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (citation omitted).

Considering these factors and in light of the time between the date Plaintiff's Pretrial Disclosures were filed and the rescheduled trial date, the Court finds that Defendants will not be prejudiced and trial will not be disrupted if Plaintiff Anastasion is permitted to present the witnesses and exhibits identified in her Pretrial Disclosures.

It is therefore

ORDERED that Defendant's Motion to Exclude Evidence (Docket No. 109) is DENIED.

DATED   September 13, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge