IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AMY ANASTASION,<br><br>　　　Plaintiff,<br><br><br><br>　　　vs.<br><br><br><br>CREDIT SERVICE OF LOGAN, INC. dba ALLIED COLLECTION SERVICE, BRITTANY APARTMENTS, L.L.C., and DOES 1-10,<br><br>　　　Defendants. | AMENDED MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF STAN V. SMITH<br><br><br><br><br><br>Case No. 2:08-CV-180 TS |

　　　The Court is revisiting the matter of Defendant's Motion in Limine to Exclude the Testimony of Stan V. Smith[1] in light of Plaintiff's Stipulated Motion to Amend/Correct. The Court notes that both Defendant's Motion in Limine and Plaintiff's Opposition are significantly over length. However, the Court still considers these filings on their merits and, for the reasons set forth below, will grant in part and deny in part Defendant's Motion.

---

[1]Docket No. 113.

1

Defendant filed the present motion on December 3, 2010, requesting that the testimony of Plaintiff's expert witness Dr. Stan V. Smith ("Dr. Smith") be excluded. With respect to Plaintiff's mortgage expenses, the car loan, and Plaintiff's loss of credit expectancy, Defendant argues that Dr. Smith's testimony is not based on sufficient facts and would be overly speculative.[2] However, at trial, Plaintiff could establish the basis for Dr. Smith's conclusions and the facts and data supporting his testimony. Therefore, the Court will deny Defendant's Motion with respect to such testimony, although Defendant is free to raise further objections at trial.

With respect to Dr. Smith's testimony regarding Plaintiff's time spent in litigation, Plaintiff has not cited to any case law that would support Plaintiff's recovery for the time she spent working on her own case. However, there is case law establishing that, when calculating damages for a violation of the FCRA, "[t]ime spent trying to resolve problems with the credit reporting agency" may be considered as support for a claim for mental distress.[3] Therefore, the Court will grant Defendant's Motion with respect to time spent working on her own case, but deny it with respect to evidence regarding time spent disputing her credit reports. Defendant is free to raise further objections to this testimony at trial.

Finally, with respect to Dr. Smith's testimony regarding reduction in the value of Plaintiff's life, or hedonic damages, the Court will grant Defendant's Motion. Plaintiff argues in her Reply that this evidence should be admissible, arguing that Dr. Smith is extremely qualified,

---

[2] Docket No. 114, at 4-8.

[3] *Cortez v. Trans Union, LLC*, 617 F.3d 688, 719 (3rd Cir. 2010); *see also Stevenson v. TRW Inc.*, 987 F.2d 288, 297 (5th Cir.1993).

that his testimony is based on reliable economic and scientific methods, and that it has received extensive peer review and acceptance.[4] Plaintiff further states that hedonic damages are "used by every federal regulatory agency."[5] However convincing these arguments may be, they do not change the fact that hedonic damages are used to approximate the loss of the value of life, and therefore are used in cases involving death or injury. As Plaintiff herself states, when "every federal regulatory agency" uses hedonic damages, it is "in analyzing the potential impact to life or limb."[6] Furthermore, the three Tenth Circuit cases that have mentioned hedonic damages all involve either physical injury or loss of life.[7] As Plaintiff has not suffered the loss of life or limb, testimony regarding hedonic damages will not assist the trier of fact. Therefore, the Court will grant Defendant's Motion with respect to this testimony.

It is therefore

ORDERED that Defendant's Motion in Limine (Docket No. 113) is GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE to later objections being raised at trial.

---

[4] Docket No. 147, at 2-7.

[5] Docket No. 147, at 3.

[6] *Id.*

[7] *Baron ex rel White v. Sayre Mem'l Hosp., Inc.*, 221 F.3d 1351 (10th Cir. 2000); *Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235 (10th Cir. 2000); *City of Hoobs v. Hartford Fire Ins. Co.*, 162 F.3d 576 (10th Cir. 1998).

DATED   October 5, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge