RONALD ADY, PLLC (USB 3694)
8 E. Broadway, Ste. 725
Salt Lake City, UT 84111
(801) 530-3122
(801) 746-3501 fax

Attorney for Plaintiff

---

## IN THE UNITED STATES DISTRICT COURT,
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AMY ANASTASION,<br><br>    Plaintiff,<br><br><br>        v.<br><br>CREDIT SERVICE OF LOGAN, INC. dba ALLIED COLLECTION SERVICE, BRITTANY APARTMENTS, L.L.C., DOES 1 through 10.<br><br>    Defendants. | **PRE-TRIAL ORDER**<br><br> **Case No. 08-000180**<br><br> **Judge** Ted Stewart<br><br> **Magistrate Judge** Paul Warner |

This matter having come before the court on October 5, 2011, at a pretrial conference held before the Honorable Ted Stewart, pursuant to Fed. R. Civ. P. 16; and Ronald Ady, having appeared as counsel for plaintiff, and George W. Burbidge II,  having appeared as counsel for defendant Credit Service of Logan, Inc., dba Allied Collection Service, the following action was taken:

1.      JURISDICTION.  This is an action for damages under the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, the Fair Credit Reporting Act, 15 U.S.C. § 1681, and state common-law claims for Invasion of Privacy.  Jurisdiction of the court is invoked under 15 U.S.C. section(s) 1331 and 1367.  The jurisdiction of the court is not disputed and is hereby determined to be present.

VENUE.  Venue was determined by the court to be proper pursuant to 15 U.S.C. section(s) 1391(b).  Venue is laid in the Central  Division of the District of Utah.

    2.     GENERAL NATURE OF THE CLAIMS OF THE PARTIES

      (a)    Plaintiff's claims:

          i. That commencing in September of 2005 Allied Collection Service repeatedly collected from Plaintiff, despite her repeated verbal disputes, on an amount in excess of the amount then owing on a judgment debt against the Plaintiff in favor of Brittany Apartments; that effective April 21, 2006 Plaintiff had paid the judgment debt in full but, despite repeated verbal and written disputes  Allied Collection Service continued to collect on that debt by, among other things, repeatedly reporting that she owed that debt to TransUnion and Experian, and by repeatedly threatening Plaintiff both verbally and in writing with adverse credit reporting unless she paid the amount demanded by Allied Collection Service.  Plaintiff claims for violations of the FCRA, FDCPA, Utah Consumer Sales Practices Act, Invasion of Privacy, Defamation and Punitive Damages as provided for by the FCRA and state law.   Defendant Brittany Apartments, L.L.C. ("Brittany") has settled with Plaintiff and has been dismissed from this action.[1]  The Court has dismissed the Plaintiff's FCRA, Utah Consumer Sales Practices Act, and Defamation claims.  Plaintiff advises that she objects to that dismissal and does not by proceeding to trial on her FDCPA and Invasion of Privacy Claims, waive any right she may have to seek a new trial or review of her dismissed claims.

          ii. Plaintiff has moved to amend her complaint to plead claims against WFI, Inc., has also moved to add WFI, Inc. as a party defendant, and has moved to extend fact discovery. The Court has denied this motion. By proceeding to trial Plaintiff does so without waiving her arguments regarding her motion to amend and to add additional parties.

          iii. In a subsequent Memorandum Decision and Order, the Court clarified that:

> only conduct alleged by Plaintiff which falls outside of the FCRA can form the basis of her invasion of privacy claim.  Thus, Plaintiff's invasion of privacy claim can proceed on her allegations that Allied's repeated contact with her in an attempt to

---

[1] *See*  Docket No. 54, Order granting the motion to dismiss Brittany.

collect her past due debts were substantially intrusive and highly offensive to a reasonable person. Plaintiff cannot proceed on her allegations that Allied invaded her privacy by reporting to the CRAs or by engaging in any other communication which falls under the FCRA.[2]

On November 18, 2010 the court ruled that as a matter of law:

> [T]hat all collection [violations] that predate March 6, 2007, are time-barred. All violations alleged to have occurred prior to March 6, 2007, are dismissed in favor of Defendant. . . . [As to the FDCPA claims that are post March 6, 2007] the Court therefore finds that Brittany's alleged post-judgment charges were invalid. As the post-judgment charges were invalid, Allied's attempts to collect these post-judgment debts violated the FDCPA. Plaintiff is therefore entitled to summary judgment as to its FDCPA claims relating to the collection of the post-judgment debts. As Plaintiff has requested in her Complaint statutory and actual damages in an amount to be proven at trial, it will remain Plaintiff's burden to demonstrate the damages associated with these claims.[3]

Thus, Plaintiff's claims under 15 U.S.C. §§ 1692e(2), e(8) and e(10) have been established, as a matter of law. Plaintiff also claims that Allied violated the FDCPA by continuing to communicate with her after she disputed the debt, by collecting collection fees to which it was not entitled, and that she is entitled to recover actual and statutory damages under the FDCPA. Plaintiff also claims that Allied's communications with her regarding the Brittany Apartments' debt constitute an actionable invasion of her privacy by intruding upon her seclusion in a way that would be highly offensive to a reasonable person. Plaintiff advises that she objects to the dismissal or her remaining claims and does not by proceeding to trial on her FDCPA and Invasion of Privacy Claims, waive any right she may have to seek a new trial or review of her dismissed claims.

(b)     Defendant's claims: Defendant's violations of the FDCPA were not intentional and were the result of bona fide errors notwithstanding the maintenance of procedures reasonably adapted to avoid any such errors. Defendant denies that it intentionally substantially intruded on Plaintiff's solitude or seclusion in a manner that would be found highly offensive by a reasonable person. Defendant denies that it caused Plaintiff to suffer damages.

---

[2] Docket No. 171, p. 4.
[3] Docket No. 106, pp. 5, 11.

   3.      UNCONTROVERTED FACTS.  The following facts are established by admissions in the pleadings, by order pursuant to Fed. R. Civ. P. 56(d), or by stipulation of counsel:

   In January of 2004, Plaintiff Amy Anastasion ("Plaintiff") leased an apartment from Defendant Brittany Apartments, LLC ("Brittany"). Coincident with that lease Plaintiff paid a security deposit of $300.00 to Brittany Apartments. Plaintiff failed to pay rent and Brittany brought eviction proceedings against Plaintiff in the Third District Court for the State of Utah.

   On May 12, 2004, Brittany received a judgment for eviction and damages against Plaintiff Amy Anastasion in the Third District Court, State of Utah for $1,742.12.

   On June 5, 2004 Plaintiff paid $1,200.00 to Brittany Apartments.

   In September of 2005, Brittany assigned to Defendant Credit Service of Logan, Inc. dba Allied Collection Service ("Allied") amounts Brittany claimed were owed by Plaintiff. Brittany forwarded to Allied with that assignment a lease agreement, rental application, and Deposit Disposition Report reciting an amount due of $1,151.16. Allied then added a collection fee of 35% to this amount. The parties disagree on whether Brittany also forwarded to Allied at that time a copy of the eviction judgment or information on that judgment.

   On September 14, 2005 Allied set up its account for the Plaintiff on its collection software and then began collecting on the account. Allied commenced reporting Plaintiff's Brittany account as "open" to the Credit Reporting Agencies ("CRAs"), TransUnion and Experian, on October 21, 2005.

   On March 1, 2006 Plaintiff paid $542.12 to Brittany Apartments.

   On March 16, 2006 Allied sent the Plaintiff a collection letter reciting a balance due of $1,069.16.

   On April 11, 2006, Plaintiff filed a motion for satisfaction of judgment with the state court along with a copy of Plaintiff's check no. 1040 for $698.44, a table showing her calculation of the interest due on the eviction judgment, and a copy of her bank statement which indicated there were sufficient funds to clear the check. The state court judge signed the order granting the satisfaction of judgment on April 21, 2006.

   On April 27, 2006, less than four weeks from the date of the check, Plaintiff placed a stop payment on check no. 1040. While the motive behind Allied's actions after receiving this check

are disputed, it appears undisputed that after Brittany informed Allied of the satisfaction of judgment, Allied separated Plaintiff's alleged post-judgment charges from her judgment balance. To this end, Allied created a new collection account for the outstanding balance Plaintiff allegedly owed for the purported post-judgment charges.

Allied received Ms. Anastasion's check for $698.44 from Brittany on May 2, 2006 and promptly deposited it.  Allied queued its electronic reporting system to report the original collection account as paid to the credit reporting agencies on Allied's next monthly reporting cycle.   Allied opened a new collection account for the balance of the alleged post-judgment charges.

On May 4, 2006 Allied sent Plaintiff an initial demand letter on the second Brittany account it had created, reciting $511.43 as the amount owing.

On May 8, 2006 Plaintiff wrote on the letter she received from Allied that the account was paid in full as confirmed by the Third District Court records, and demanded that Allied update its records and stop collecting on the account. Enclosed with that letter was a copy of the Satisfaction of Judgment.

On May 10, 2006, Allied received Ms. Anastasion's check for $698.44 back from her credit union marked "STOP PAYMENT."  Allied deleted the notation from its automatic electronic reporting system that would have reported to the credit reporting agencies that the original Brittany collection account was paid.

Allied reported the second collection account for $511 as open to TransUnion and Experian on June 15, 2006.

On March 12, 2007 Plaintiff sent to Allied a copy of her written dispute letter to the CRAs regarding the Brittany accounts. Enclosed with that letter was a copy of the Satisfaction of Judgment. Allied received this letter on March 13, 2007.

On July 17, 2007 Allied received a copy of an undated dispute letter from the Plaintiff to the CRAs. Enclosed with that letter was a copy of the Satisfaction of Judgment.

On July 26, 2007 Allied sent the Plaintiff a letter concerning the Brittany account. On the same date, Allied made a similar notation in its collection notes regarding the Brittany accounts.

On October 18, 2007 Plaintiff sent to Allied a copy of her written dispute letter to the CRAs regarding the Brittany account. Enclosed with that letter was a copy of the Satisfaction of

Judgment. Allied received this letter on October 22, 2007.

On September 9, 2008 Allied sent an email to TransUnion to confirm that the Brittany account had been deleted. TransUnion confirmed that it had.

On September 9, 2008 Allied sent an email to Experian to confirm that the Brittany account had been deleted. Experian confirmed that it had.

The parties dispute when Allied stopped reporting to the CRAs the original collection account as open. In March, July, and October of 2007, Plaintiff sent written disputes to the CRAs. Allied responded to each of these written disputes. The parties dispute the adequacy of these responses.

Brittany's alleged post-judgment charges were invalid. As the post-judgment charges were invalid, Allied's attempts to collect these post-judgment debts violated the FDCPA.

4.    CONTESTED ISSUES OF FACT.  The contested issues of fact remaining for decision are:

i) The frequency and nature of Allied Collection Service's telephone calls to the Plaintiff;

ii) Whether Defendant's violations of the FDCPA were not intentional or were the result of bona fide errors notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

iii) Whether the Defendant's violations of the FDCPA entitle the Plaintiff to statutory damages, and if so, how much;

iv) Whether the Defendant's violations of the FDCPA caused the Plaintiff emotional distress, and if so, the amount of her damages;

v) Whether the Defendant was authorized by law to add a 35% collection charge to the Brittany accounts;

vi) Whether any balance was owing from the Plaintiff to Brittany Apartments at the time she stopped payment on the check for $698.44.

vii) The reasons for the Plaintiff's stop payment on the $698.44 check;

viii) Whether Defendant concocted the second Brittany account without input from Brittany Apartments;

ix) Whether the Defendant's actions attempting to collect from Plaintiff interfered,

physically or otherwise, with Plaintiff's solitude, seclusion and or private concerns or affairs;

x) Whether the Defendant caused harm to Plaintiff's emotional well being by engaging in conduct that would be highly offensive to a reasonable person;

xi) Whether Plaintiff is entitled to general damages for Defendant's invasion of her privacy, intrusion upon her solitude, and if so, the amount of her damages;

xii) Whether Plaintiff is entitled to compensatory damages for Defendant's invasion of her privacy, intrusion upon her solitude, and if so, the amount of her damages;

xiii) Except as stated under part 3 above, when the Plaintiff disputed the Brittany accounts with the credit reporting agencies, when the Defendant received ACDV disputes from the credit reporting agencies, how the Defendant responded to those disputes, and when the Defendant stopped reporting the first Brittany account on the Plaintiff's credit.

5.      CONTESTED ISSUES OF LAW.  The contested issues of law, in addition to those implicit in the foregoing issues of fact, are: no special issues of law other than those implicit in the foregoing issues of fact were reserved for trial.

6. EXHIBITS. The following were identified:

(a) Plaintiff's exhibits:

i. *See* Docket No. 116-1 and 116-2. Defendant has filed objections to the foundation and admissibility of Plaintiff's exhibits. *See* Docket No. 127.  Plaintiff opposes the Defendant's objections, denies there was any agreement to identify specific fact witnesses for Plaintiff, asserts that Plaintiff's exhibits are adequately identified, and disputes Defendant's arguments regarding the evidentiary inadmissibility of the Plaintiff's exhibits.

ii. Anast 9 through 13.

(b) Defendant's exhibits: *See* Docket No. 111.

(c) Exhibits of any third parties: Not applicable.

(d) Exhibits received in evidence and placed in the custody of the clerk may be withdrawn from the clerk's office upon signing of receipts therefor by the respective parties offering them. The exhibits shall be returned to the clerk's office within a reasonable time and in the meantime shall be available for inspection at the request of other parties.

(e) Exhibits identified and offered that remain in the custody of the party offering them shall be made available for review by the offering party to any other party to the action that requests access to them in writing.

(f) Except as otherwise indicated, the authenticity of received exhibits has been stipulated but they have been received subject to objections, if any, by an opposing party at the trial as to their relevancy and materiality.

7. WITNESSES.

(a) In the absence of reasonable notice to opposing counsel to the contrary:

(i) Plaintiff will call as witnesses:

Teresa Maughan

Amy Anastasion

Scott Johnson

Dr. Stan Smith

Jennifer Sorenson

(ii) Plaintiff may call as witnesses:

Jill Wieck

Nancy McFadden

(iii) Plaintiff may call the following witnesses by deposition, depending upon their availability:

Jennifer Utley

Elizabeth Wilson

Marvin Clark

David Vaughan

Otherwise, Plaintiff may use the depositions of those witnesses. Plaintiff reserves the right to present the deposition testimony of any witness who has been deposed in this action who does not appear at trial.

(b) In the absence of reasonable notice to opposing counsel to the contrary:

(i) Defendant will call as witnesses:

Teresa Maughan

Jennifer Utley

Amy Anastasion

(ii) Defendant may call as witnesses:

Tina Purintun

Scott Johnson

(iii) Defendant will use the following depositions: Defendant reserves the right to present the deposition testimony of any witness who has been deposed in this action who does not appear at trial. Plaintiff objects to the extent that the witness is the representative of the Defendant (i.e., Teresa Maughan).

8. REQUESTS FOR INSTRUCTIONS. If the case is to be tried before a jury, requests for instructions to the jury and special requests for voir dire examination of the jury shall be submitted to the court pursuant to DUCivR 51-1. Counsel may supplement requested instructions during trial on matters that could not reasonably be anticipated prior to trial.

9. AMENDMENTS TO PLEADINGS. Plaintiff's motions to amend her complaint and to add WFI, Inc. as a party has been denied. Plaintiff objects the denial of that motion.

10. DISCOVERY. Discovery, over Plaintiff's continuing objection, has been completed.

11. TRIAL SETTING. The case was set for trial with a jury on October 18, 2011 at 8:30 o'clock a.m. at Salt Lake City.

12. POSSIBILITY OF SETTLEMENT. Possibility of settlement is considered poor.

DATED: October 6, 2011

BY THE COURT

_____

TED STEWART
United States District Judge


The foregoing proposed pretrial order (prior to execution by the court) is hereby adopted this 5th day of October, 2011.


_____/S/_____

Ronald Ady
8 East Broadway, Ste. 725
Salt Lake City, UT 84111
*Counsel for Plaintiff*


_____/S/_____

George W. Burbidge II
CHRISTENSEN & JENSEN, P.C.
15 West South Temple, #800
Salt Lake City, UT 84101
*Counsel for Defendant*

10