IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AMY ANASTASION,<br><br>        Plaintiff,<br><br><br><br><br><br>        vs.<br><br><br><br>CREDIT SERVICE OF LOGAN, INC. dba<br>ALLIED COLLECTION SERVICE,<br>BRITTANY APARTMENTS, L.L.C., and<br>DOES 1-10,<br><br>        Defendants. | MEMORANDUM DECISION AND<br>ORDER DENYING PLAINTIFF'S<br>MOTION IN LIMINE RE:<br>PLAINTIFF'S BOYFRIEND<br><br><br><br><br><br>Case No. 2:08-CV-180 TS |

This matter is before the Court on Plaintiff's Motion in Limine Re: Plaintiff's Boyfriend.[1]

For the reasons set forth below, the Court will deny Plaintiff's Motion.

Plaintiff filed the present Motion on October 11, 2011. In her Motion, Plaintiff requests

that the Court order that Plaintiff's rental application with Brittany Apartments be redacted to

delete the phrase "my boyfriend kicked me out" and that Defendant be barred from presenting

evidence regarding this statement to the jury. Plaintiff argues that this evidence is both irrelevant

---

[1]Docket No. 196.

1

and unfairly prejudicial to Plaintiff.  Defendant argues that this evidence is relevant, as Plaintiff could recover actual damages under the Fair Debt Collection Practices Act, which includes the possibility of damages for emotional distress.  Defendant argues that the jury should be aware of other events, not caused by Defendant, that could have caused or contributed to any emotional distress suffered by Plaintiff.

Fed.R.Evid. 402 allows the admission of all relevant evidence.  Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Even if evidence is relevant, Rule 403 states that it "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Because evidence that "[her] boyfriend kicked her out" is relevant to the source of any emotional distress, the Court finds that this statement is relevant to the case at hand. Furthermore, the Court is unable, at this time, to find that its probative value is substantially outweighed by the danger of unfair prejudice.  However, Defendant is instructed that this evidence is admissible only for the purpose of showing cause or contribution of any emotional distress suffered by Plaintiff.

It is therefore

ORDERED that Plaintiff's Motion in Limine Re: Plaintiff's Boyfriend (Docket No. 196) is DENIED.

DATED  October 17, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge