IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AMY ANASTASION,<br><br>    Plaintiff,<br><br>vs.<br><br>CREDIT SERVICE OF LOGAN, INC. dba ALLIED COLLECTION SERVICE, BRITTANY APARTMENTS, L.L.C., and DOES 1-10,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION IN LIMINE REGARDING DEFENDANT'S COMPARATIVE FAULT DEFENSE<br><br><br><br>Case No. 2:08-CV-180 TS |

This matter is before the Court on Plaintiff's Motion in Limine Regarding Defendant's Comparative Fault Defense.[1] For the reasons set forth below, the Court will deny Plaintiff's Motion.

Plaintiff filed the present Motion on October 11, 2011. In her Motion, Plaintiff requests that the Court prohibit Defendant from presenting evidence attempting to explain or limit its

---

[1] Docket No. 198.

1

liability on the basis of comparative fault. While Plaintiff does not indicate any specific evidence that should be excluded, the Court will address the topic generally.

First, Plaintiff argues that the evidence should be excluded because comparative fault does not apply to the Fair Debt Collection Practices Act ("FDCPA").[2] Defendant agrees that "that it may not allocate fault to Brittany or Plaintiff for any alleged violation of the FDCPA." However, evidence that shows how Brittany or Plaintiff behaved is still relevant to other issues in this case, and will therefore be admissible. Plaintiff also argues that Defendant has failed to comply with Utah's comparative fault statute in relation to Plaintiff's invasion of privacy claim. Utah Code Section 78B-5-821(4) states: "Fault may not be allocated to a non-party unless a party timely files a description of the factual and legal basis on which fault can be allocated and information identifying the non-party at least 90 days before trial." However, Brittany is not a non-party, but a settling party, and under Utah law, fault can be allocated to a settling party.[3] Therefore, the Court will not preclude Defendant from presenting this evidence.

It is therefore

ORDERED that Plaintiff's Motion in Limine Regarding Defendant's Comparative Fault Defense (Docket No. 198) is DENIED.

---

[2] Docket No. 198, at 1.

[3] *See* Utah Model Jury Instructions 2d CV 115.

DATED   October 17, 2011.

                BY THE COURT:

                _____
                TED STEWART
                United States District Judge