IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AMY ANASTASION,<br><br>  Plaintiff,<br><br>vs.<br><br>CREDIT SERVICE OF LOGAN, INC. dba ALLIED COLLECTION SERVICE, BRITTANY APARTMENTS, L.L.C., and DOES 1-10,<br><br>  Defendants. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION IN LIMINE REGARDING SETTLEMENT WITH BRITTANY APARTMENTS<br><br><br>Case No. 2:08-CV-180 TS |

This matter is before the Court on Plaintiff's Motion in Limine Regarding Settlement with Brittany Apartments.[1] For the reasons set forth below, the Court will deny Plaintiff's Motion without prejudice.

Plaintiff filed the present Motion on October 11, 2011. In her Motion, Plaintiff requests that the Court prohibit Defendant from presenting evidence regarding Plaintiff's settlement with

---

[1]Docket No. 204.

1

Brittany Apartments. Plaintiff argues that this evidence violates Fed.R.Evid. 401, 403, and 408. Rule 408(a) states that certain evidence relating to settlements "is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction."[2] The Court intends to exclude evidence that is barred by Rule 408(a). However, "[t]he rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a)."[3] Some "[e]xamples of permissible purposes include proving a witness's bias or prejudice."[4]

As Plaintiff has not indicated any specific evidence she would like excluded, the Court cannot conduct an analysis of relevance under 401 or prejudice under 403. However, Plaintiff is free to object during trial if she feels that evidence discussing settlement is being offered for an improper purpose or otherwise violates the Rules of Evidence.

It is therefore

ORDERED that Plaintiff's Motion in Limine Regarding Settlement with Brittany Apartments (Docket No. 204) is DENIED WITHOUT PREJUDICE to further objections being raised at trial.

---

[2] Fed.R.Evid. 408(a).

[3] *Id.* at 408(b).

[4] *Id.*

DATED October 17, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge