IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AMY ANASTASION,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br><br>CREDIT SERVICE OF LOGAN, INC. dba ALLIED COLLECTION SERVICE, BRITTANY APARTMENTS, L.L.C., and DOES 1-10,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION IN LIMINE REGARDING MITIGATION OF DAMAGES<br><br><br><br><br><br>Case No. 2:08-CV-180 TS |

    This matter is before the Court on Plaintiff's Motion in Limine Regarding Mitigation of Damages.[1]  For the reasons set forth below, the Court will grant in part and deny in part Plaintiff's Motion.

    Plaintiff filed the present Motion on October 11, 2011.  In her Motion, Plaintiff requests that the Court prohibit Defendant from presenting any evidence attempting to limit its liability on the basis of Plaintiff's failure to mitigate damages "in relation to her claim for statutory damages,

---

    [1]Docket No. 202.

1

the Defendant's intentional conduct, or the Plaintiff's actual damages for emotional distress."[2] Defendant agrees that a mitigation of damages defense is invalid with respect to a statutory damages claim under the Fair Debt Collection Practices Act ("FDCPA").  The Court will therefore grant Plaintiff's Motion with respect to statutory damages.

With respect to mitigation of damages on the remaining claims, it is unclear what Plaintiff is requesting in her Motion.  To the extent that Plaintiff's Motion could be construed as a motion for summary judgment on the issue of Defendant's affirmative defense, it is denied as untimely.  If the Motion is interpreted as a request to find that the mitigation of damages is irrelevant as to the remaining claims, it is denied, as it is a well accepted principle that mitigation is required of plaintiffs when they are able to reduce the damages suffered.[3]  To the extent that Plaintiff argues that there was no opportunity for her to mitigate damages, this is a factual question that will be left for the jury.  Finally, to the extent that Plaintiff's Motion could be construed as a request to exclude specific evidence as it does not relate to Plaintiff's actual ability to mitigate, the request is denied, as Plaintiff has not indicated any specific evidence that she would like excluded.  Plaintiff is free to raise objections to the admission of specific evidence at trial.

---

[2]Docket No. 202, at 1.

[3]*See, e.g.*, *United States v. Brookridge Farm*, 111 F.2d 461, 461 (10th Cir. 1940) ("The general rule is that one who suffers injury as the result of a tort or a breach of contract is required to exercise reasonable care and diligence to avoid the loss, or to minimize the resulting damage.").

It is therefore

ORDERED that Plaintiff's Motion in Limine Regarding Mitigation of Damages (Docket No. 202) is GRANTED IN PART AND DENIED IN PART.

DATED   October 17, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge